## STATE v. MILTON V. COOK.[1]

December 13, 1918.

No. 20,988.

**Criminal law—indictment bad.**

In an indictment based on section 8542, G. S. 1913, for failure of an executive or administrative officer to surrender official documents pertaining to his office, upon the demand of his lawful successor, which alleges a refusal to surrender "divers papers and books appertaining to his said office," such description is too general to support a conviction.   [Reporter.]

Milton V. Cook was indicted by the grand jury of Martin county for the crime of wilfully and unlawfully refusing to surrender divers papers and books appertaining to his office of treasurer of School District No. 111, tried in the district court for that county before Dean, J., and a jury which found him guilty as charged in the indictment.   From the judgment sentencing him to the payment of a fine of $100, or in default of payment to confinement in the common jail of the county, defendant appealed.   Reversed.

*Haycraft & McCune,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Albert R. Allen,* County Attorney, for the state.

PER CURIAM.

The defendant was convicted of the offense defined by the following portion of G. S. 1913, § 8542:

"Every person who, having been an executive or administrative officer, shall wrongfully refuse to surrender the official seal, or any books or papers appertaining to his office, upon the demand of his lawful successor, shall be guilty of a gross misdemeanor."

He appeals from the judgment.   The indictment alleges as follows:

"That on the 24th day of March A. D. 1917, at the Town of Manyaska, in the County of Martin and State of Minnesota, Milton V. Cook, having been an administrative officer, to-wit:   Treasurer of School District No. 111, of said county, did wilfully and unlawfully refuse to surrender divers papers and books appertaining to his said office, upon the demand of his lawful successor."

Many objections are made to the sufficiency of the indictment.   It is objected that it is not alleged that there was a demand, or that there was a

[1]Reported in 169 N. W. 599.

lawful successor of the defendant, or if there was his name, or that the defendant's term had expired, or what particular books or papers were withheld.

The indictment alleges a refusal to surrender "divers papers and books appertaining to his said office." We are of the opinion that this description is altogether too general to support a conviction. We express no opinion upon the other objections.

Judgment reversed.